Robert James **BOLDING, Appellant,**

v.

**STATE of Oklahoma and Park J. Anderson,**
Warden, Appellees.

No. A–17311.

Court of Criminal Appeals of Oklahoma.

Jan. 24, 1973.

Thomas A. Wallace, Sapulpa, for appellant.

Larry Derryberry, Atty. Gen., Tom Filbeck, Asst. Dist. Atty., for appellees.

OPINION

BRETT, Judge:

This is an appeal from the denial of appellant's post conviction application in the District Court of Creek County, Oklahoma, rendered on February 3, 1972, in that court's case no. 6197–C. On March 5, 1969, petitioner, Robert James Bolding, entered a plea of guilty to the charge of first degree manslaughter and was sentenced to serve 40 years imprisonment in the State Penitentiary. Appellant was initially charged with the crime of murder, but on March 5, 1969, the State moved to amend the information to charge first degree manslaughter; thereafter, appellant entered his plea of guilty with court appointed counsel, Mr. Craig Tweedy of Sapulpa, Oklahoma, being present. Prior to the imposition of judgment and sentence, the court made inquiry of appellant concerning the voluntariness of his plea, and his understanding of the consequences thereof.

Subsequent to appellant's confinement in the State Penitentiary, he filed an application in the district court seeking post conviction relief. In his application he alleges that his plea of guilty to the first degree manslaughter charge was coerced and that he did not knowingly and intelligently enter his plea of guilty. The district court denied the application for post conviction relief and this appeal was lodged.

The transcript of proceedings made when appellant's guilty plea was entered, was filed with the record of the post conviction hearing. After considering both records, we conclude that appellant voluntarily, knowingly, and intelligently entered his plea of guilty to the charge of first degree

manslaughter, and that he fully understood the consequences of that plea. The record shows that Mr. Everett Collins of Sapulpa was appellant's court appointed counsel at the preliminary hearing; Mr. Collins was permitted to withdraw as court appointed counsel; and Mr. Tweedy was appointed to represent appellant at his forthcoming trial. The record further reflects that plea bargaining was entered into between the prosecutor and defense counsel; that defense counsel consulted with appellant and advised him that the charge would be amended to first degree manslaughter, and that the prosecutor would recommend a 40 year prison sentence. The record further reflects this course of action was acceptable to appellant prior to the time he entered his plea. It is clearly shown that the trial judge adequately interrogated appellant in order to determine that his plea was voluntarily entered; that petitioner had not been coerced; and that he understood the consequences of his plea. In Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed. 2d 747 (1970), the United States Supreme Court approved the statement in the dissent of Judge Tuttle in Shelton v. United States, 242 F.2d 101, 115 (5th Cir. 1957), and recited:

> "[A] plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e. g. bribes)." At p. 755 of 397 U.S., at p. 1472 of 90 S.Ct., at p. 760 of 25 L.Ed.2d.

In North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), the United States Supreme Court stated:

> "The standard [for accepting a guilty plea] was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. [Citations omitted]
>
> "That he would not have pleaded except for the opportunity to limit the possible penalty does not necessarily demonstrate that the plea of guilty was not the product of his free and rational choice, especially where the defendant was represented by competent counsel whose advice was that the plea would be to the defendant's advantage."

We are therefore of the opinion that the trial court's denial of the petition for post conviction relief should be, and the same is therefore, affirmed.

BLISS, P. J., and BUSSEY, J., concur.